**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JERRY HENSLEY, et al.,**

              **Plaintiff(s),**         **CASE NUMBER: 06-10868
HONORABLE VICTORIA A. ROBERTS**

**v.**

**THE COLD HEADING COMPANY,**

              **Defendant(s).**
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant The Cold Heading Company's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1), and/or in the Alternative for Summary Judgment Pursuant to Fed. R. Civ. [P.] 56. A hearing was held on Monday, May 21, 2007.

Defendant's motion is **GRANTED** with respect to Count I.

Per Plaintiffs' concessions, the Court also **GRANTS** Defendant's motion to dismiss Zapolski's claim in Count II (breach of oral contract) and its motion for summary judgment on both Plaintiffs' claims in Count III (age discrimination).

The parties had agreed that if the Court found in favor of Defendant on Count I, they would settle Hensley's claim in Count II for a certain amount. Hence, Defendant's motion to dismiss Count II as to Hensley is Moot.

1

## II. BACKGROUND

Plaintiffs Jerry Hensley and Alex Zapolski are former employees of Defendant The Cold Heading Company ("Cold Heading"). They were fired in October 2005 for drinking beer during work hours (while at lunch offsite). Plaintiffs filed this action to contest their discharge on several grounds.[1]

Zapolski and Hensley began working for Defendant in 1968 and 1992, respectively. For a period of time, they both worked as hourly machine operators and were members of a collective bargaining unit--the Cold Heading Employees Committee ("the Committee"). In February 2000, Defendant transferred Zapolski to a Quality position in the Lab/Quality area. Three weeks later, it reclassified him as a salaried employee. Defendant's Chief Executive Officer, Derek Stevens, says he told Zapolski that he had to accept the reclassification if he wanted to stay in the lab because it was a salaried position. Def. Exh. D at p. 65. In late 2001, Hensley was also assigned to the Lab/Quality area. However, he only worked 24 hours per week. In July 2002, Stevens says he offered Hensley a full time position (40 hours per week) in the lab, but told him that it was a salaried position. *Id* at 75-76. Defendant says Zapolski and Hensley's decision to accept the salaried classification was voluntary. Plaintiffs say they were effectively compelled to accept the change; Zapolski in order to keep his new position and Hensley in order to get increased hours.

Stevens discussed the reclassification with Plaintiffs. Plaintiffs acknowledge in

---

[1] Zapolski passed away after the Complaint was filed. His wife, Roberta Zapolski, is the Personal Representative of his estate. She was substituted as Plaintiff on her husband's behalf.

2

their First Amended Complaint that they were told that the reclassification meant that they would no longer be members of the bargaining unit.  *See* First Amended Complaint and Jury Demand, ¶¶10-11.  But, Hensley says Stevens assured him that the provisions of the Collective Bargaining Agreement ("CBA") would still apply to him.[2]  He interpreted this to mean that he could only be fired for cause.  Stevens, however, testified that he told Plaintiffs that there were risks involved in accepting the salaried designation, including that they would be at-will employees.  Pl. Exh. 2 at p. 60.

Years later, in October 2005, Stevens went to a restaurant/bar near Defendant's facility for lunch.  When Stevens arrived, he saw Plaintiffs with several bottles of beer on their table.  Sometime before 1989, Stevens says Defendant implemented a well-known but unwritten "zero tolerance" policy which prohibits employees from drinking alcohol during work hours.[3]  Employees were also subject to periodic drug and alcohol testing.  So, when Stevens returned to work, he called Plaintiffs into a meeting (along with other management staff) and fired them for violating the zero tolerance policy.

Among other things, Plaintiffs assert that their terminations violated the CBA.  In their First Amended Complaint, Plaintiffs allege: Count I--violation of the CBA; Count II--violation of their oral contract (via Stevens assertion that they would be entitled to the protections of the CBA); and, Count III--age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §37.2101, *et seq.*  In Count IV, Zapolski also alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*,

---

[2] Zapolski died before he could give testimony on the discussion with Stevens.

[3] Stevens was uncertain of the exact date because he did not work for Defendant between 1983 and 1989.  When he returned in 1989, the policy was in place.

by failing to pay him for overtime work from January 2000 until he was discharged.

Defendant requests dismissal of Plaintiffs' claims in Counts I and II, summary judgment against Zapolski on Count II, and summary judgment against Plaintiffs on Count III. Defendant does not request dismissal or summary judgment on Count IV. Plaintiffs concede that summary judgment is appropriate on Zapolski's claim in Count II and on both Plaintiffs' claims in Count III. Therefore, the Court only needs to consider Defendant's request for dismissal of Counts I (both Plaintiffs) and II (Hensley only).

## III. ARGUMENTS AND ANALYSIS

In Count I, Plaintiffs bring their claim that they were fired in violation of the CBA under §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.[4] Defendant requests dismissal on multiple grounds: 1) the Court lacks subject matter jurisdiction; 2) Plaintiffs failed to allege facts which support a §301 claim; and 3) Plaintiffs failed to exhaust contractual remedies. The Court finds that Defendant is correct that there is no subject matter jurisdiction over Plaintiffs' §301 claim.

When subject matter jurisdiction is challenged under FRCP 12(b)(1), the plaintiff has the burden of proving jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996). If the attack on jurisdiction is a facial attack on the

---

[4]Section 301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a).

4

complaint, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party. *U.S. v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-722 (6th Cir. 1999). If the attack is factual, however, the court may weigh evidence and resolve factual disputes. *Id.*

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' §301 claim because Plaintiffs were not members of the bargaining unit when they were fired and, therefore, they are not parties to the CBA. Per Defendant, Plaintiffs voluntarily accepted transfers to the salaried non-bargaining unit positions years earlier. And, under the CBA, Defendant says the transfer removed them from the bargaining unit:

> In the event an employee is promoted to a position outside the bargaining unit, he/she will not be subject to this Agreement.

Def. Exh. A, CBA at Art. IV, §7.

Plaintiffs argue that Defendant cannot rely upon the transfer provision of the CBA because an employer is not entitled to unilaterally change the bargaining unit by reclassifying a position such that it falls outside the bargaining unit. Nor can the employer bargain with individual employees to change the bargaining unit. Plaintiffs assert that either attempt is a violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. §158, because the Committee is the exclusive bargaining representative for its members.

Plaintiffs also argue that the transfer provision does not apply because they were not "promoted" to a position "outside the bargaining unit." Without citation to any evidence in the record, Plaintiffs say their pay was actually reduced when they were

5

reclassified as salaried and there was no change in their job duties.[5] Plaintiffs say Defendant effectively conditioned their continued employment as full-time employees on their acceptance of the salaried status. Plaintiffs argue that this conditional offer is akin to a "yellow-dog contract"--a contract requiring that an employee agree not to join a union--which has been deemed void as against public policy.

Defendant says the Court does not have jurisdiction to assess the validity of the alleged NLRA violation because the National Labor Relations Board ("NLRB") has exclusive jurisdiction to hear and decide unfair labor practice claims. Also, per Defendant, there is a six-month statute of limitations for asserting an unfair labor claim which already expired. Defendant contends that Plaintiffs and the Committee effectively waived their right to object to the transfers by failing to file an unfair labor charge claim with the NLRB within six months.

Plaintiffs argues that the NLRB's jurisdiction is not exclusive when an unfair labor practice also constitutes a breach of a CBA; the district court has concurrent jurisdiction. But, Defendant says the concurrent jurisdiction exception does not apply because Plaintiffs do not allege that their termination in breach of the CBA was also an unfair labor practice. Plaintiffs only contend that their transfer out of the bargaining unit constituted an unfair labor practice.

The Court finds that Plaintiffs failed to establish that the Court has subject matter jurisdiction over their §301 claim. An employee may bring a suit under §301 against an

---

[5]Stevens testified that Hensley's duties did change somewhat because he did not work exclusively in the Lab/Quality area before he accepted the full-time salaried position. *Id* at p. 70.

employer for violation of a CBA.  *See Smith v Evening News Association*, 371 U.S. 195 (1962).  Plaintiffs purport to bring such a claim in Count I.  However, it is undisputed that Plaintiffs accepted Defendant's offer to change their status to "salaried" and that they were informed that the change removed them from the bargaining unit covered by the CBA.

There is no merit to Plaintiffs' assertion that the Court can simply disregard their removal from the bargaining unit because, according to them, their transfers constituted an unfair labor practice which violated the NLRA and/or the public policy underlying the NLRA.  The Court does not have authority to make such a decision.  The NLRB has exclusive jurisdiction to decide whether an employer's conduct violates the NLRA and to fashion the remedy for a violation.  *See National Licorice v NLRB,* 309 U.S. 350, 365 (1940); *San Diego Building Trades Council v Garmon*, 359 U.S. 236, 244 (1959); *Gettings v Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 308 (6th Cir. 2003).

Plaintiffs are correct that concurrent jurisdiction is allowed when an alleged unfair labor practice also constitutes a violation of a CBA.  *See Smith*, 371 U.S. at 197; *Arnold v Carpenters District Council of Jacksonville and Vicinity,* 417 U.S. 12, 16 (1974); *Alonghi v Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004).  However, that is not the situation before this Court.  Count I is based on Plaintiffs' allegedly wrongful termination in violation of the CBA.  Plaintiffs do not allege or argue that their termination also constituted an unfair labor practice within the meaning of the NLRA.

Plaintiffs' reliance on *Arnold* and *Alonghi* to support their assertion (during oral argument) that the Court, nevertheless, has concurrent jurisdiction is misplaced.

Neither the facts nor the holding in either case supports Plaintiffs' claim.  In *Arnold*, the plaintiff sought to enjoin defendants' breach of a no-strike clause in the CBA, which plaintiff also alleged was an unfair labor practice.  In *Alonghi*, the Court did not address concurrent jurisdiction because plaintiffs did not allege an unfair labor practice, and the Court found that plaintiffs did not allege a breach of the CBA, just state law breach of contract and public policy.

For all of the reasons stated, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' §301 claim in Count I.  Therefore, the Court **GRANTS** Defendant's motion to dismiss Count I, pursuant to FRCP 12(b)(1).

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 23, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 23, 2007.

S/Linda Vertriest
Deputy Clerk